UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL ERIC PRESLEY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. C12-5760 BHS

ORDER DENYING CERTIFICATE OF APPEALABILITY

This matter comes before the Court by order of the Ninth Circuit Court of Appeals remanding this case for the sole purpose of determining whether Petitioner Eric Paul Presley ("Presley") is entitled to a certificate of appealability ("COA") (Dkts. 16 &17). For the reasons stated herein, the motion for a certificate of appealability is denied. Dkt. 17.

**I. PROCEDURAL & FACTUAL HISTORY**

On March 5, 2008, Presley pled guilty to one count of receipt of child pornography, a charge carrying a five-year mandatory minimum sentence. Dkt. 8-2 at 26-39. Presley entered a guilty plea five days before his trial was set to begin. Dkt. 116.

On November 17, 2008, Presley failed to appear for his sentencing. Dkt. 186. The United States Marshals tracked Presley to Las Vegas and arrested him there on November 25, 2008. Presley later pled guilty to a single count of failure to appear, and admitted to cutting his electronic monitoring bracelet and fleeing to avoid sentencing.

ORDER - 1

Dkt. 8-3 at 25-34. Presley was sentenced on May 4, 2009, to a total of 78 months of imprisonment (60 months for receipt of child pornography and 18 months, consecutively, for failure to appear).  The judgment was amended on July 9, 2009. Dkt. 8-2 at 40-46 & 8-3 at 2-9.

On August 24, 2012, Presley filed a § 2255 petition, claiming multiple constitutional violations, including but not limited to, violation of his Fourteenth Amendment right to due process, a due process claim involving accusations of conspiracy to create an extortion scheme as well as a claim of actual innocence.  *See* Dkt. 1. On October 10, 2012, the Government responded.  Dkt. 8.  On November 8, 2012, Presley filed an untimely reply, which the Court nonetheless considered. Dkt. 12.

Upon review of Presley's petition, the Court found that each of Presley's claims were time-barred by the one-year statute of limitations under 28 U.S.C. § 2255(f).  Dkt. 13 at 2-4. Additionally, the Court found that Presley did not meet the exacting standards to toll the limitations period by claiming actual innocence.  *Id*. at 4.  Presley offered no evidence to persuade the Court that it should not have confidence in the providency of his plea.  *Id*. at 5.  Instead, the Court found compelling, unrebutted evidence of guilt, including clear and unmistakeable evidence that Presley not only possessed images of child pornography but that at least some of them were produced outside the state of Washington. *Id*. at 5-6.  Finally, the Court concluded that Presley's plea agreement waived his right to bring a collateral attack on his conviction and sentence through an actual innocence claim. *Id*. at 6.

## II. DISCUSSION

Petitioners seeking post-conviction relief under 28 U.S.C. § 2255 may appeal a district court's dismissal of the federal habeas petition only after obtaining a COA from a district or circuit judge. A COA may issue only if petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller El v. Cockrell*, 537 U.S. 322, 327 (2003) (*citing Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Pursuant to this standard, the Court concludes that Presley is not entitled to a COA with respect to his petition for habeas relief. The Court finds that jurists of reason could not disagree with the district court's resolution of his claims or conclude the issues presented should proceed further. Presley failed to make a substantial showing of the denial of a constitutional right.

## III. ORDER

Therefore, it is hereby **ORDERED** that Presley's motion for a COA is **DENIED** (Dkt. 17).

Dated this 4th day of March, 2013.

BENJAMIN H. SETTLE
United States District Judge