UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL ERIC PRESLEY,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

CASE NO. 3:12-cv-05760-BHS

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

This matter comes before the Court on Plaintiff Paul Eric Presley's ("Presley") motion for reconsideration (Dkt. 21) of this Court's order denying his motion to vacate, set aside, or correct his sentence (Dkt. 13). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

On March 5, 2008, Presley pled guilty to one count of receipt of child pornography, a charge carrying a five-year mandatory minimum sentence. Dkt. 8-2 at 26-39. Presley entered a guilty plea five days before his trial was set to begin. Dkt. 116.

ORDER - 1

On August 24, 2012, Presley filed a § 2255 petition, claiming multiple constitutional violations, including but not limited to, violation of his Fourteenth Amendment right to due process, a due process claim involving accusations of conspiracy to create an extortion scheme as well as a claim of actual innocence. *See* Dkt. 1. On October 10, 2012, the Government responded. Dkt. 8. On November 8, 2012, Presley filed an untimely reply, which the Court nonetheless considered. Dkt. 12.

On November 14, 2012, the Court found that each of Presley's claims were time-barred by the one-year statute of limitations under 28 U.S.C. § 2255(f). Dkt. 13 at 2-4. Additionally, the Court found that Presley did not meet the exacting standards to toll the limitations period by claiming actual innocence. *Id*. at 4. Presley offered insufficient evidence to persuade the Court that it should not have confidence in the providency of his plea. *Id*. at 5. Instead, the Court found compelling, unrebutted evidence of guilt, including clear and unmistakable evidence that Presley not only possessed images of child pornography but that at least some of them were produced outside the state of Washington. *Id*. at 5-6. Finally, the Court concluded that Presley's plea agreement waived his right to bring a collateral attack on his conviction and sentence through an actual innocence claim. *Id*. at 6.

On January 17, 2013, Presley appealed the Court's order denying his petition. Dkt. 14. On February 28, 2013, the Ninth Circuit Court of Appeals remanded this case for the sole purpose of determining whether Presley was entitled to a certificate of appealability. Dkts. 16 & 17. On March 4, 2013, the Court denied the motion for a certificate of appealability. Dkt. 18. On March 18, the Ninth Circuit denied Presley's

1 motion for a certificate of appealibility. Dkt. 19. On June 27, 2013, the Court entered
2 judgment in favor of the Government, and the case was closed. Dkt. 20.
3    On July 11, 2013, Presley filed the instant motion for reconsideration of this
4 Court's order denying his petition (Dkt. 13). Dkt. 21.
5    The Court denies Presley's motion for reconsideration as untimely and improper.
6 Pursuant to W.D. Local Rule 7(h), motions for reconsideration must be filed within
7 fourteen days after the order to which it relates is filed. Presley's motion for
8 reconsideration is well beyond that deadline, as the Court entered the order denying his
9 petition on November 14, 2012. Dkt. 13. Additionally, Presley already attempted to
10 appeal the Court's denial of his petition to the Ninth Circuit and that court declined to
11 issue a certificate of appealability and hear his case. *See* Dkts. 14 & 19.
12    Therefore, it is hereby **ORDERED** that Presley's motion for reconsideration (Dkt.
13 21) is **DENIED.**
14    Dated this 26th day of July, 2013.

BENJAMIN H. SETTLE
United States District Judge